UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-56829-JRS |
| CLARK BARBER and<br>AQUA CHIFFON BARBER, | CHAPTER 7 |
| Debtor. | |
| NEIL C. GORDON<br>as Chapter 7 Trustee for the estates of<br>Clark Barber and Aqua Chiffon Barber | |
| Plaintff,<br>v. | ADVERSARY PROCEEDING<br>NO. 18-05157-jrs |
| AQUA CHIFFON BARBER,<br>FRANCIS STORMY HILTS<br>CHRISTINE CLARK HILTS,<br>BURGESS TITLE & ESCROW LLC and<br>FIRST AMERICAN TITLE COMPANY | |
| Defendants. | |

**ANSWER OF AQUA CHIFFON BARBER TO COMPLAINT FOR REVOCATION OF DISCHARGE PURSUANT TO 11 U.S.C §727(d)(2) AND OTHER RELIEF**

COMES NOW, Aqua Chiffon Barber ("Defendant") by and through undersigned counsel, to answer Neil C. Gordon ("Plaintiff") as to the factual allegations in the complaint.

**PRELIMINARY STATEMENT AND AFFIRMATIVE DEFENSES**

Defendant made an error in her 341 hearing testimony when she stated that her father had died without a will. Only after her mother died in 2015 did Defendant locate her father's will.

The erroneous statement was unintentional and a mistake of fact. Indeed, as it was against her interest, there is no reason to suspect she would have fabricated the absence of a will. Because Defendant's mother died more than 180 days after the Petition Date, the property in question was never part of the bankruptcy estate, and all related counts must therefore fail.

## PARTIES, JURISDICTION AND VENUE

1. The allegations of paragraph 1 to 4 are admitted.

## PARTIES

2. The allegations of paragraph 5 to 18 are admitted.

## FACTS

19. The allegations of paragraph 19 are admitted. At the time of the testimony, Defendant thought this to be correct. She later learned that her father had died with a will,

20. The allegations of paragraph 20 are admitted.

21. The allegations of paragraph 21 set forth a conclusion of law to which no response is required. However, because the father had no died intestate, no such 1/3 interest ever entered the bankruptcy estate.

22. The allegations of paragraph 22 do not require a response. The documents speak for themselves.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 do not require a response. The documents speak for themselves.

25. Admitted.

26. Admitted. Defendant located and learned of her father's will only when inspecting and administering the papers and belongings of her deceased mother.

27. The allegations of paragraph 27 are admitted as to the existence of the encumbrance, the remaining allegations are denied.

28. The allegations of paragraph 28 are admitted. The documents speak for themselves.

29. The documents speak for themselves.

30. Admitted.

31. Defendant is without knowledge and therefore denies the allegations of paragraph 31 of the Complaint.

32. The allegations of paragraph 32 do not require a response. The documents and docket items speak for themselves. However, Defendant had no knowledge of these filings until after the hearing date.

33. Defendant admits that she did not attend the hearing on April 10, 2018 because she was unaware of the existence of the hearing.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are admitted.

36. Defendant is without knowledge and therefore denies the allegations of paragraphs 36 through 38 of the Complaint.

## **COUNT I**

39. The allegations of paragraph 39 do not require a response.

40. The allegations of paragraph 40 are denied. Defendant never acquired any interest in the Property because her father died testate and his interest passed to Defendant's mother.

41. The allegations of paragraph 40 are denied. Because Defendant acquired an interest in the Property in 2015, more than 180 days after the Petition Date, the interest was never part of the bankruptcy estate,

42. The allegations of paragraph 42 set forth a conclusion of law to which no response is required.

## COUNT II

43. The allegations of paragraph 43 do not require a response.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 set forth a conclusion of law to which no response is required.

## COUNT III

48. The allegations of paragraph 48 do not require a response.

49. The allegations of paragraph 49 are denied. The transfer occurred in excess of three years after the Petition date.

50. The allegations of paragraph 50 set forth a conclusion of law to which no response is required. But the Property was never part of the estate.

51. The allegations of paragraph 51 are admitted.

52. The allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 set forth conclusions of law to which no response is required.

## COUNT IV

56. The allegations of paragraph 56 do not require a response.

57. The allegations of paragraph 57 are admitted to the extent that Mr. Hilts and Ms. Hilts were the grantees to the property transfer.

58. The allegations of paragraph 58 set forth conclusions of law to which no response is required.

## COUNT V

59. The allegations of paragraph 59 do not require a response.

60. The allegations of paragraph 60 set forth conclusions of law to which no response is required.

WHEREFORE, based on the foregoing, Defendant demands judgment dismissing the complaint and awarding attorney's fee and costs of suit.

Respectfully submitted this 1st day of August, 2018.

/s/ Howard P. Slomka
Howard P. Slomka, Esquire
Georgia Bar No. 652875
Slipakoff & Slomka LLP
2859 Paces Ferry Rd. SE.
Suite 1700
Atlanta, Georgia 30339
hs@myatllaw.com
404-800-4017

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-56829-JRS |
| | ) | |
| CLARK BARBER and | ) | CHAPTER 7 |
| AQUA CHIFFON BARBER, | ) | |
| | ) | |
| Debtor. | ) | |
| _____/ | | |
| | ) | |
| NEIL C. GORDON | ) | |
| as Chapter 7 Trustee for the estates of | ) | |
| Clark Barber and Aqua Chiffon Barber | ) | |
| | ) | |
| Movant, | ) | ADVERSARY PROCEEDING |
| v. | ) | |
| | ) | NO. 18-05157-jrs |
| AQUA CHIFFON BARBER, | ) | |
| FRANCIS STORMY HILTS | ) | |
| CHRISTINE CLARK HILTS, | ) | |
| BURGESS TITLE & ESCROW LLC and | ) | |
| FIRST AMERICAN TITLE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| _____/ | | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within ANSWER OF AQUA CHIFFON BARBER TO COMPLAINT FOR REVOCATION OF DISCHARGE PURSUANT TO 11 U.S.C §727(d)(2) AND OTHER RELIEF in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

| Neil C. Gordon | Clark Barber and Aqua Chiffon Barber |
| --- | --- |
| Arnall Golden Gregory LLP | 111 Willow Hill Lane |
| Suite 2100 | Stockbridge, GA 30281 |
| 171 17th Street, NW | |
| Atlanta, GA 30363 | |
| (404) 873-8596 | |
| (404) 873-8597 (fax) | |
| angela.ford@agg.com | |

Respectfully submitted this 1st day of August, 2018.

/s/ Howard P. Slomka
Howard P. Slomka, Esquire
Georgia Bar No. 652875
Slipakoff & Slomka LLP
2859 Paces Ferry Rd. SE.
Suite 1700
Atlanta, Georgia 30339